UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

| Case No. | 2:26-cv-01698-HDV-SSC | Date | April 24, 2026 |
|---|---|---|---|
| Title | *Alfredo Mercado v. North Valley Construction Co. et al.* | | |

| Present: The Honorable | Hernán D. Vera, United States District Judge |
|---|---|

| Daniel Torrez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [11]**

Before the Court is Plaintiff Alfredo Mercado's Motion for Remand ("Motion"). [Dkt. 11]. Plaintiff filed this case on January 12, 2026 in Los Angeles Superior Court alleging sixteen causes of action, including "federal trademark infringement" and "federal unfair competition" under 15 U.S.C. §§ 1114, 1125(a). Complaint [Dkt. 1-1] ¶¶ 133–44. On February 18, 2026, Defendants removed the action to this Court, invoking federal question jurisdiction. Notice of Removal [Dkt. 1]. After briefing and oral argument on the Motion, Plaintiff filed a First Amended Complaint on April 15, 2026 dropping all federal claims. First Amended Complaint ("FAC") [Dkt. 23].

Generally, a civil action filed in state court may properly be removed if there is federal subject matter jurisdiction at the time of removal, which exists when the suit arises under federal law, or when the parties are diverse and the amount in controversy is over $75,000. *See* U.S.C §§ 1441 (removal), 1331 (federal question jurisdiction), 1332 (diversity jurisdiction).[1] "Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006). "[W]here the district court is presented with a case within its original jurisdiction, it has 'a virtually unflagging obligation to exercise the jurisdiction conferred upon [it] by the coordinate branches of government and duly invoked by litigants.'" *Id.* (citing *United States v. Rubenstein*, 971 F.2d 288, 293 (9th Cir. 1992) and *Colo. River Water Conservation Dist. v.*

---

[1] The parties do not argue that diversity jurisdiction exists as they are all citizens of California. *See* Complaint ¶¶ 1–4.

*United States*, 424 U.S. 800, 817 (1976)).  The district court's federal question jurisdiction exists when "cases in which a well-pleaded complaint established either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988).  But where removal was based on a federal question, and the federal claim has been eliminated, the Court may either retain, remand or dismiss supplemental state claims.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348 (1988); *Milgrim v. Raytroniks, Inc.*, No. 23-cv-07110-FLA-KS, 2025 WL 4661108, at \*5 (C.D. Cal. Sept. 30, 2025).

At the time of removal, this Court had subject matter jurisdiction over Plaintiff's federal claims and supplemental jurisdiction over the remaining claims because they are "so related" to the federal claims such that "they form part of the same case or controversy[.]"  28 U.S.C. § 1367(a); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  However, two months after removal, Plaintiff filed the FAC, which supersedes the original Complaint and omits the federal trademark and unfair competition claims as well as any allegations that require resolution of substantial questions of federal law.

In these circumstances, where the federal question basis for removal falls away early in the litigation, the Supreme Court has instructed district courts that they have wide discretion to remand.  *See Carnegie-Mellon*, 484 U.S. at 351–52 (district courts have a "powerful reason to choose not to continue to exercise jurisdiction" when the federal law claims are eliminated "at an early stage of the litigation"); *see also Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court.").  The Court in *Carnegie-Mellon* reasoned that "in the usual case" the balance of factors—judicial economy, convenience, fairness, and comity—will weigh toward remanding any remaining pendent state claims to state court.  *Carnegie-Mellon*, 484 U.S. at 350 n.7.  The same reasoning applies here.  Now lacking any remaining federal question early in the litigation, the Court declines to exercise jurisdiction over the FAC and remands the action to Los Angeles Superior Court for all further proceedings.

The Motion to Remand is granted.

**IT IS SO ORDERED.**